NOT DESIGNATED FOR PUBLICATION

No. 118,236

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGEL M. WALKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed April 20, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Angel M. Walker appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentence. We granted Walker's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed no response.

On March 31, 2016, Walker pled guilty to one count of aggravated arson and one count of endangering a child. On May 13, 2016, the district court imposed a controlling sentence of 24 months' imprisonment and granted probation for 24 months to be supervised by community corrections.

1

At a hearing on January 26, 2017, Walker admitted to violating the conditions of her probation by failing to report to her intensive supervision officer and by failing to pay fines and fees. The district court ordered Walker to serve a two-day sanction and extended her probation for 24 months.

At a hearing on August 3, 2017, Walker again admitted to violating the conditions of her probation by failing to remain drug free, by refusing to submit documentation as ordered by the court, and by failing to submit to a urinalysis. A transcript of this hearing is not included in the record on appeal. However, the journal entry reflects that the district court revoked Walker's probation upon making a public safety or offender welfare finding pursuant to K.S.A. 22-3716(c)(9). Walker timely appealed.

On appeal, Walker claims the district court "erred in revoking her probation and in imposing the underlying prison sentence." Walker acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court revoked Walker's probation after finding that the safety of members of the public would be jeopardized or that the welfare of the offender would not be served by imposing additional intermediate sanctions. See K.S.A. 2017 Supp. 22-3716(c)(9). Walker does not challenge this finding on appeal. She already had violated her probation on one prior occasion. The district court's decision to revoke Walker's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Walker has failed to show that the district court abused its discretion by revoking her probation and ordering her to serve her underlying prison sentence.

Affirmed.